Brennan *v.* Berlin Iron Bridge Co. ·

WILLIAM BRENNAN *vs.* THE BERLIN IRON BRIDGE
COMPANY.

*First Judicial District, Hartford, January Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The defense of *res adjudicata* is available in a hearing in damages after
a default or demurrer overruled, provided notice thereof has been
given by the defendant in accordance with the statute (Public Acts
of 1897, Chap. 220, p. 924) and rules of court.

A final judgment based upon a demurrer which goes to the merits of
the action, is as conclusive upon the parties and as complete a bar
to another action for the same cause, as it would have been if ren-
dered after a trial of the facts and upon a verdict of the jury.

In an action to recover for personal injuries claimed to have been caused
by the defendant's negligence, the latter demurred to the complaint
because, among other reasons, "no acts constituting carelessness
and negligence on the part of the defendant are set out in the com-
plaint, and because it appears that the injuries were received through
the negligence of those who stood in the relation of fellow-servant
to the plaintiff." *Held* that these reasons went to the substance of
the complaint and to the merits of the action.

The allegations of the complaint in each action compared and *held* to be
substantially identical.

Argued January 5th—decided March 9th, 1899.

ACTION for damages for personal injuries claimed to have
been caused by the defendant's negligence, brought to the
Superior Court in New Haven County and heard in damages
to the court, *George W. Wheeler, J.;* facts found and judg-
ment rendered for the plaintiff for $3,000, and appeal by the
defendant for alleged errors in the rulings and findings of
the court. *Error and judgment set aside.*

The defendant having suffered a default, gave notice in
writing that upon a hearing in damages it would deny certain
paragraphs of the complaint, and that it would offer evidence
to prove that the accident which is the subject-matter of the
present suit was the subject of an action by the present plain-
tiff against this defendant by a complaint dated Septem-

---

* Transferred from third judicial district.

Brennan *v.* Berlin Iron Bridge Co.

ber 25th, 1895, the pleadings in which terminated in a demurrer to the complaint, which was sustained by the court; and that the plaintiff having failed to amend, final judgment was rendered in favor of the defendant, and that said judgment had never been appealed from or set aside. A copy of the complaint as amended, of the demurrer and proceedings in said action, and of the judgment of the court, was attached to said notice.

The complaint in the former action, as well as that in the present suit, are printed in the footnote.*

---

* *Complaint in Action brought September, 1895.*

1. On November 20th, 1894, the plaintiff was in the employ of the Naugatuck Malleable Iron Company, a corporation located in Union City, in said Naugatuck, as a laborer in the annealing department in said company's factory, and subject to the directions of the superintendent of said company and the foreman of said department. 2. On November 20th, 1894, aforesaid, the defendant was erecting and constructing on the grounds of the said Naugatuck company a trestlework or bridge, under a contract between the said Naugatuck company and the defendant. 3. On said 20th day of November, 1894, the defendant in the prosecution of its work had occasion to use fifteen or twenty pieces of timber, each piece about twenty feet long, fourteen inches wide and twelve inches high. The timbers were piled together one upon another near to the trestle-works which the defendant was constructing. 4. These timbers were piled together and one upon another by the defendant and by its servants in a careless and negligent manner; they were not secured in any manner; and they were so placed and piled together as that they would fall down of their own weight and with very little jar and upon the slightest occasion. And the defendant was careless and negligent in the manner of placing them, securing them, and and leaving them without any protection and without any warning to the plaintiff or to any one else that the said timbers were liable to fall down from the places in which they were laid. 5. On the 20th day of November, 1894, the plaintiff, under the direction of his foreman, went temporarily to assist in placing some of the wood-work in said trestle, and while so assisting was standing within one or two feet of said pile of timbers in the exercise of due care. At the same time the defendant by one of its servants, without the knowledge of the plaintiff, was shifting one or more of said pieces of said pile of timbers. The defendant carelessly and negligently omitted to warn or notify the plaintiff before or at the time he was standing near the said pile of timbers, that the said pile was not properly secured so that none of said pieces of timber would fall down; and carelessly and negligently omitted to warn and notify the plaintiff that one or more of said pieces in said pile of timbers were

Brennan v. Berlin Iron Bridge Co.

To the complaint in the former action the defendant demurred, for the following reasons: " 1. Because it appears

being shifted and were likely to fall down or to be thrown down from said pile, when, in consequence of the negligence of the defendant aforesaid, one of the said pieces in the said pile of timbers, weighing about fifteen hundred pounds, fell down, and by the carelessness and negligence of the defendant, by its servants as aforesaid, was thrown down upon and against the plaintiff's right leg and foot, breaking both bones of the leg, crushing the ankle joint, breaking the bones of the plaintiff's right foot, breaking, tearing, wounding, and injuring the muscles, tendons, and ligaments of the plaintiff's said leg and foot, and otherwise bruising, wounding, and injuring him. 6. On said 20th day of November, 1894, the plaintiff was between fifty-four and fifty-five years of age; he was strong, sound, and well; his expectation of life according to the American Experience Mortality Tables was then between seventeen and eighteen years. He was a moulder by occupation, and his average daily earnings as a moulder were three to four dollars per day. At the time of his injury he was working as a laborer, and as such at that time was earning $1.35 per day. His said injuries are permanent. 7. In consequence of his said injuries he has been unable to earn anything up to the present time; he will be unable to earn anything for more than a year to come; and during the remainder of his life he will be unable to earn more than one half the amount which he could and would earn but for his said injuries. 8. He suffered great pain of mind and body from the time of his said injuries down to the present time; he will in the future suffer pain of mind and body because of said injuries. 9. He has paid out and expended and will be obliged in the future to pay and expend for medicine, medical attendance, and for nurses in endeavoring to cure himself of his said injuries, more than three thousand dollars. The plaintiff claims seven thousand dollars damages.

*Complaint in Present Action, brought September, 1897.*

1. On November 20th, 1894, the plaintiff was in the employ of the Naugatuck Malleable Iron Company, a corporation located in Union City, in said Naugatuck, as a laborer in the annealing department of the said company's factory, subject to the directions of the superintendent of said company, and of the foreman of said department. 2. On November 20th, 1894, aforesaid, the defendant was constructing upon the grounds of said company a trestle-work or bridge, upon which iron rails were to be laid for the purpose of more conveniently and less expensively loading and unloading coal and other merchandize used and manufactured by said Iron Company. 3. In the prosecution of its said work the defendant had occasion to use fifteen or twenty pieces of timber, each piece about twenty feet long, fourteen inches wide, and twelve inches high; each piece weighed in the neighborhood of fifteen hundred pounds. 4. To move and remove said timbers safely and so as not to do any injury to those whose duty it was to be near to them, required machinery, or the ser-

that the plaintiff at the time of the injury complained of was in the position of a servant of the defendant. 2. Be-

vices of at least a half a dozen men. 5. The defendant had neither machinery nor a sufficient number of men to do the work of moving or of removing said timbers. 6. About two weeks before the date of the injury hereinafter stated, the defendant by its servants carelessly and negligently piled these several timbers together one upon another upon the grounds of the said Iron Company, at a place remote from where the plaintiff was accustomed to do his work, in such a manner as that they would fall down from their several places of their own weight and with very little jar and upon the slightest occasion. 7. And the defendant carelessly and negligently neglected to secure the said timbers, in any manner or by any means, so as that they would not fall down upon persons who might have occasion to be near them. 8. The defendant carelessly and negligently permitted said timbers to be and thus remain negligently piled and in no way secured, for a period of more than two weeks next immediately preceding the time of the injury hereinafter stated. 9. Large numbers of persons were required to be and to remain near to said pile of timbers thus negligently piled and insecurely maintained. 10. The facts that said timbers were thus so negligently piled and left unsecured, and that large numbers of people were required to be and remain near to them, were known to the defendant and ought to have been known by it; and if these facts were not known to the defendant it was negligent in not knowing of them. 11. These facts were not known to the plaintiff, and he did not have equal means of knowledge on these subjects with the defendant. 12. On the said 20th day of November, 1894, the plaintiff, under the direction of the foreman of his department, at the request of the authorized agent of the defendant, was assisting in removing one of said pieces of timber then lying upon the ground near by said pile of timbers. 13. The plaintiff went temporarily to assist in removing said timber; he was employed by the Iron Company to do this work and paid therefor by it; he was doing said work for said Iron Company and not for the defendant; he made no contract with the defendant for this work, received no pay from it therefor, and at the time supposed and believed that he was doing the Iron Company's work. 14. The defendant gave the plaintiff no warning that said timbers were so piled one upon another without being secured that they were liable to fall down of their own weight or upon the slightest jar. 15. On said 20th day of November, 1894, while the plaintiff was so at work near to said pile of timbers, one of them fell down from said pile of its own weight against the plaintiff's right leg and foot, breaking, tearing, wounding, and injuring the muscles, tendons, and ligaments of the plaintiff's said leg and foot, and otherwise bruising, wounding, and injuring him. 16. On said 20th day of November, 1894, the plaintiff was between fifty-four and fifty-five years of age; he was strong, sound, and well; his expectation of life according to the American Experience Mor-

cause no acts constituting carelessness and negligence on the part of the defendant are set out in the complaint. 3. Because the complaint does not allege that the defendant had knowledge or notice of any kind of the alleged unsafe condition of said pile of timbers. 4. Because the complaint does not allege that the plaintiff did not have equal means with the defendant of knowing of the alleged unsafe condition of said pile of timbers. 5. Because it appears that the injuries were received through the negligence of those who stood in the relation of fellow-servant to the plaintiff. 6. Because it does not appear that the plaintiff was in the exercise of due care at the time of the injury."

It appeared by the copy of the judgment-file, that the court (*Shumway, J.*) held the complaint to be insufficient upon every ground claimed in said demurrer; that the plaintiff failed and neglected to amend; and that final judgment was rendered in favor of the defendant for costs. Upon the hearing in damages in the present action, the court found the following facts: —

Sometime before November 20th, 1894, the defendant entered into a contract with the Naugatuck Malleable Iron Company, located at Naugatuck, to construct a trestle or bridge upon the Iron Company's premises in Union City,

tality Tables was then between seventeen and eighteen years; he was a moulder by occupation, and his average daily earnings as a moulder were three to four dollars per day. At the time of his injury he was working as a laborer, and as such at that time was earning $1.35 per day. His said injuries are permanent. 17. In consequence of his said injuries he has been unable to earn anything up to the present time, he will be unable to earn anything for more than a year to come, and during the remainder of his life he will not be able to earn one quarter of the amount he would earn but for his said injuries. 18. From his said injuries he has suffered great pain of mind and body from the time they occurred down to the present time; he will in the future suffer great pain of mind and body in consequence thereof. 19. Said injuries occurred without the fault or negligence of the plaintiff. 20. The plaintiff has paid out and expended and will be obliged in the future to pay out and expend for medicine, medical attendance, and for nurses in endeavoring to cure himself of his said injuries, more than three thousand dollars. The plaintiff claims $5,000 damages.

for an agreed price, and according to certain specifications, and the Iron Company agreed to furnish the defendant men from their employ whom the defendant might temporarily need in lifting timbers, etc. On the 17th of November, 1894, certain large timbers or stringers to be used by defendant in building said trestle, were so insecurely piled by defendant's employees, and the top stringer of one of the tiers of said pile was so placed, that because of said insecure piling it would fall down from a slight touch or jar, and largely of its own weight. The insecure piling of this pile was not noticeable to an inexperienced person, or one passing by it, or one engaged in work near it, unless he were experienced in piling timber. The place where these stringers were piled was the land of the said Iron Company, and was constantly used by large numbers of people in passing and repassing. Because of this insecure pile the ground adjacent thereto was unsafe and dangerous for those who had occasion to be there. This pile and stringer remained insecurely piled from the morning of November 17th until about two o'clock in the afternoon of November 20th, 1894, the time of the injury to plaintiff. It was insecurely piled by the foreman and the defendant's employees, and was done under the supervision of the foreman. The defendant had three of its own men and a foreman at work upon this trestle. The foreman had entire charge of the work during the entire time the trestle was being erected, and in addition he assisted the men in doing the work. He was the only representative of the defendant on this job. It was the duty of the foreman to see to it that this pile was securely and properly piled, and he either knew or ought to have known of the condition of the pile; and it was the proper course of business for the foreman to examine said pile before putting any one at work near it, and particularly an entirely inexperienced man such as the plaintiff. The foreman and the three employees were negligent in insecurely piling said timbers.

On the morning of November 20th, 1894, the foreman Bowen went to the superintendent of the Iron Company and requested him to lend him two men, and the superintendent

sent the plaintiff and one McDonald to assist the bridge men. Thereupon the plaintiff and McDonald left their work in the iron factory and reported to Bowen, the foreman of the Bridge Company, and were until the time of the accident under the direction and control of Bowen. The plaintiff never left the employ of the Iron Company and never entered that of the defendant. He never was so informed, and never so believed. He was not paid for this work by the defendant, was not hired by it, and knew nothing of the relations between the defendant and the Iron Company; but he did know that the men putting up the trestle were not Iron Company employees. He received an order from his boss and he obeyed it, and his continuance in the employ of the Iron Company depended upon his obedience to orders. The Iron Company paid the plaintiff for all the time he was working with Bowen, and the defendant reimbursed the Iron Company, but of this arrangement the plaintiff was ignorant. All of the defendant's men were competent men for the work they were engaged upon, and all of the appliances used were adequate, and the men and appliances used were sufficient.

In the afternoon of said day the plaintiff was called by Bowen to move a stringer which lay upon the ground just west of a pile of stringers. All that the plaintiff did was by direction of Bowen and in accordance with his directions. After one end of said stringer had been put on a truck and moved a few feet, the top stringer upon the tier nearest the plaintiff fell down upon the plaintiff's right leg below the knee, breaking it and crushing it, so that it afterwards became necessary to amputate it below the knee. The stringer fell because of its own weight, and its being improperly piled, and very probably because of some slight jar, or perhaps because the plaintiff or one of those engaged in the work touched it or the pile in working near it. But the stringer would not have fallen had the pile been securely and properly piled. The stringer fell because of the negligence of the defendant's foreman in not having said pile securely piled, and the plaintiff's said injuries resulted from such negligence. The plaintiff was inexperienced in such work, and did not

Brennan *v.* Berlin Iron Bridge Co.

know or think, or have reason to know or think, that the pile was insecurely piled. No one gave the plaintiff warning of the danger of this place. The plaintiff was not himself careless or negligent in his conduct.

The present plaintiff brought an action on the first Tuesday of November, 1895, against the present defendant, to recover damages for the injuries herein in suit, as appears from the complaint above printed. The accident therein is the same accident herein in suit. The present defendant appeared in said action and demurred to the complaint, and the court sustained said demurrer upon all the grounds stated. The plaintiff without leave of court, and without the knowledge or consent of the defendant, filed an amended complaint. The court ordered said amended complaint so filed erased, and gave plaintiff leave to amend on payment of full costs to date, *viz.* $25. The plaintiff did not amend, and the defendant moved that judgment be entered up. Before the hearing upon said motion, plaintiff filed a withdrawal of said former case, and the defendant having filed its motion that said withdrawal be disallowed and that judgment be entered up, the court, having heard the parties, rendered judgment as appears by the copy of the judgment-file attached to defendant's notice, which judgment has never been appealed from or set aside.

Upon said facts the court overruled the defendant's claim that said former judgment was a bar or estoppel to the maintenance of this action, but ruled that the defense of *res adjudicata* was available upon a hearing in damages after default, and rendered judgment for the plaintiff for $3,000 damages and costs of suit.

*William W. Hyde* and *Seymour C. Loomis*, for the appellant (defendant).

The former judgment was a bar or estoppel to the maintenance of this action. The judgment was between the same parties, acting in the same capacity; was founded on the same cause of action and demand; and was upon the merits. *Wildman* v. *Wildman*, 70 Conn. 707. A comparison of the

two complaints shows that each is in tort for the defendant's alleged negligence, which caused a certain injury to the plaintiff. It is the same injury and the accident was the same accident. *Burritt* v. *Belfy*, 47 Conn. 327. The fact that the former judgment was upon demurrer, does not militate in the least against its being a decision on the merits, and as binding as a judgment after verdict. 1 Sw. Dig. (s. p.) 639; Black, Judg. § 694; *Chapin* v. *Curtis*, 23 Conn. 399; *Gould* v. *Evansville R. Co.*, 91 U. S. 533; *Sargent* v. *New Haven Stb. Co.*, 65 Conn. 126; *Bissell* v. *Spring Valley Township*, 124 U. S. 225; *Bouchaud* v. *Dias*, 3 Denio, 238; Gould, Pl. Chap. 9, Part 1, § 43; *Lamb* v. *McConkey*, 40 N. W. (Iowa), 77; *Coffin* v. *Knott*, 3 Green (Iowa), 582; *Kleinschmidt* v. *Binzel*, 14 Mont. 31; *Strain* v. *Illinois Central R. R. Co.*, 18 So. Rep. (Miss.) 847; Big. Est. (5th ed.) 56; *Carlin* v. *Brackett*, 38 Minn. 307; *Hyatt* v. *Challiss*, 53 Pac. Rep. (Kan.) 468; *Nickless* v. *Pierson*, 126 Ind. 477; *Alley* v. *Nott*, 111 U. S. 475. A distinction is made between cases where the former judgment is pleaded as a bar to another suit for the same cause of action, and where the judgment is claimed as an estoppel in suits upon other matters and for different causes of action. This distinction is clearly stated in the case of *Cromwell* v. *County of Sac*, 94 U. S. 352. The case at bar is one in which the former judgment operates as *res judicata*. Our case falls within the first class, that is, it is one where the former judgment is claimed as a bar to another suit. But it is not necessary for us to claim that the former judgment estops any further than as to those matters actually litigated and determined. It was actually litigated and determined in Brennan's former case that he was injured by those who stood in the relation of a fellow-servant with him. This is *res adjudicata* and cannot be called in question again, according to every authority. The case of *Wiggins Ferry Co.* v. *O. & M. Ry.*, 142 U. S. 410, cited by the learned judge of the court below, is not in conflict with our claim; nor is the case of *Gould* v. *R. R.*, 91 U. S. 534. Under the procedure in this State it was the defendant's duty to test the sufficiency

of the allegations of the former complaint by demurrer.  *Perkins* v. *Brazos,* 66 Conn. 246.

*John O'Neill* and *William Kennedy,* for the appellee (plaintiff).

The second complaint states a very different cause of action from that stated in the first.   The judgment in the first action is not, therefore, a bar to the prosecution of the second. A decision of the court in favor of the defendant upon an agreed statement of facts is no bar to a subsequent action for the same cause.   *Knox* v. *Waldborough,* 5 Greenl. (Me.) 185. Estoppels are not favored in the law.   A party ought never to be precluded from proving the truth of a particular fact, unless some imperative rule of law requires it.   Suppose the court had overruled the demurrer, might not the defendant have shown it was not negligent; that the plaintiff contributed, or that any other fact stated was not true?   The defendant was defaulted; it did not prove contributory negligence, or that it was free from the negligence alleged.   It must pay substantial damages, therefore.   *Crogan* v. *Shiele,* 53 Conn. 186–193; *Sprague* v. *N. E. R. R.,* 68 id. 357, 358; *Bergin* v. *Telephone Co.,* 70 id. 55–65.   No facts are found showing contributory negligence, or that the defendant was not negligent as alleged.   It is now universally held in American courts that a master may have a representative; and that for his negligence while acting as such, the master is responsible.   1 Shear. & Red. Neg. (5th ed.) § 226; *Wilson* v. *Willimantic Linen Co.,* 50 Conn. 433; *Darrigan* v. *N. E. R. R.,* 52 id. 285; *Smithwick* v. *Hall,* 59 id. 261; *McEligott* v. *Randolph,* 61 id. 127; *New Haven Ice Co.* v. *Gerrish,* 63 id. 9.   The facts found do not show that the plaintiff is within the rule exempting the master for injuries resulting to one servant from the negligence of a fellow-servant.   *Robinson* v. *Boston, etc., Co.,* 160 Mass. 191; *Morgan* v. *Smith,* 159 id. 570; *Kastil* v. *Wabash R. Co.,* 72 N. W. (Mich.) 28; *Cleveland* v. *Speir,* 16 C. B. N. S. 399; *Wright* v. *London R. Co.,* 2 L. R. Q. B. D. 252; *Eason* v. *Sabine R. Co.,* 65 Tex.

577; *Higgins* v. *Western Union Tel. Co.*, 98 Misc. Rep. (N. Y.) 433; *Reagan* v. *Casey*, 160 Mass. 374.

HALL, J. The plaintiff, in 1895, commenced an action against the defendant to recover damages for a personal injury sustained November 20th, 1894, by the falling of a large timber which the defendant was using in the construction of a trestle for the Naugatuck Malleable Iron Company, by which company the plaintiff was employed. The pleadings in that action terminated in a demurrer to the complaint, which was sustained by the court, and, no amendment having been made, final judgment was rendered in May, 1896, in favor of the defendant.

In September, 1897, the present action was commenced to recover damages for the same injury. The defendant suffered a default, and, in accordance with the provisions of the Act of 1897 concerning hearings in damages after a default or demurrer overruled (Public Acts of 1897, Chap. 220, p. 924), and with the rules of practice adopted under said Act, filed a written notice that it would prove said former judgment as a defense to the recovery of substantial damages. The trial court held that the defense of *res adjudicata* was available upon a hearing in damages, but that the former judgment was not a bar or an estoppel to the maintenance of the present action.

A former judgment showing that the plaintiff had no right of action is, under our practice, after due notice, admissible in evidence upon a hearing in damages after a default; and proof of such a judgment, since it shows that the plaintiff is in law entitled to recover no damages, is proof that he can recover no more than nominal damages. The right to prove such a special defense upon a hearing in damages, is clearly implied both in the language of the Act of 1897 and of the rules as to the form of notices under that Act. By the former, the defendant is not permitted upon such hearing to offer evidence to contradict any allegation of the complaint not relating to the amount of damages, nor to deny the right of the plaintiff to maintain the action, nor to prove any

matter of defense without having first given the required notice. By the rules, any new matter by way of confession and avoidance must be specified in the notice.

Prior to the Act of 1897 the defendant, upon such a hearing in damages, "might show that the plaintiff was entitled to nominal damages only, because in reality and but for the default or demurrer he was entitled to none." He might "offer evidence of any fact tending to prove such non-liability as if no demurrer had been interposed or default had been suffered." *Gardner* v. *New London*, 63 Conn. 267, 274. Many of the objections to allowing proof of a special defense, upon such a hearing, have been removed by the Act and rules referred to, which require written notice to be given to the plaintiff specifying the new matter which the defendant intends to prove.

JUDGE SWIFT says (1 Swift's Dig. s. p. 639): "In the case of demurrers, judgment is rendered in chief, and will be a bar to another action brought for the same matter, cause, and thing, except where the first action failed, for some defect in form, or for want of some essential allegation, which can be supplied in a new action." The principle is too well established to admit of discussion, that a judgment upon a demurrer to a complaint, deciding not that some formal defect exists in the pleading which can be cured by amendment, or that some material allegation has been omitted which can be supplied in another action, but that upon the facts no right of action exists against the defendant, is final upon the question of the defendant's liability upon the facts alleged, and is as complete a bar to another action upon such facts as if the judgment had been rendered upon proof of the truth of the averments of the complaint. Gould, Pl. (2d ed.) 447, Chap. IX, Part 1, §§ 43, 44; Big. on Estop. (4th ed.) pp. 53, 54; Van Fleet's Former Adjudication, § 306; *Bissel* v. *Spring Valley Township*, 124 U. S. 225; *Alley* v. *Nott*, 111 id. 472, 475; *Gould* v. *Evansville, etc., R. Co.*, 91 U. S. 534; *Bouchaud* v. *Dias*, 3 Denio, 238; *Straw* v. *Illinois Cent. R. Co.*, 73 Miss. 446.

Brennan *v.* Berlin Iron Bridge Co.

The demurrer in the first action commenced by this plaintiff, was based upon six grounds, among which were these: "Because no acts constituting carelessness and negligence on the part of the defendant are set out in the complaint; because it appears that the injuries were received through the negligence of those who stood in the relation of fellow-servant to the plaintiff." The record shows that the court sustained this demurrer upon "every ground therein alleged." In rendering final judgment the court, therefore, necessarily decided that the facts alleged in the complaint showed that the plaintiff sustained his injury from the negligent act of a fellow-servant, and showed no other act of negligence on the part of the defendant. The demurrer went to the substance of the complaint, and the judgment rendered was a determination of the case upon its merits, and not merely upon some formal defect. Black on Judg. § 694; *Alley* v. *Nott, supra.* If, then, the same acts of negligence of the defendant are described in both the former and the present complaint, or if, though the first complaint describe acts of negligence not contained in this complaint, it yet alleges the acts of negligence set forth in the present action, the judgment in the first suit is a bar to the maintenance of the second action, because in either case the court in the first suit has adjudicated between the same parties and upon the same acts the legal question of the defendant's liability sought to be raised by the second action.

The plaintiff does not seem to question these propositions. His position is that the two complaints describe different causes of action, or that the defendant's act of negligence as alleged in the second complaint is another and different act from any described in the first action. The complaint in the first action, and especially the fifth paragraph, he says, alleged that while the plaintiff was assisting in removing a timber, a servant of the defendant and a fellow-servant of the plaintiff carelessly pushed or threw down another timber against the plaintiff and injured him, and that in the second action it is alleged as a cause of plaintiff's injury that the timbers were negligently piled and left unsecured by the defendant.

Assuming for the purposes of the argument that the conclusive force of the first judgment would be affected by such claimed difference in the statement of the cause of action in the two cases, we think a careful reading of the two complaints will show that no such difference exists. It is alleged in paragraph five of the first complaint, that while the plaintiff was standing near the pile of timbers in the exercise of due care, "in consequence of the negligence of the defendant aforesaid, one of said pieces in said pile of timbers, weighing about fifteen hundred pounds, fell down . . . . upon and against the plaintiff's right leg and foot." A similar allegation, omitting the words "in consequence of the negligence of the defendant aforesaid," is found in paragraph 15 of the present action, and in both complaints the cause of the falling of the timber is clearly stated to have been the negligent and insecure piling of them by the defendant's servants before the plaintiff went to assist the defendant's workmen; and both complaints allege that the timbers thus insecurely piled were negligently suffered to remain without warning or protection. These averments of negligence are found in paragraphs 4 and 5 of the first complaint, and in paragraphs 6, 7 and 8 of the present action. It is true that there is added in paragraph 5 of the first complaint, "and by the carelessness and negligence of the defendant by its servants *as aforesaid* (the timber) was thrown down upon and against the plaintiff's right leg," etc.; but we do not think this was intended as an averment that the timber in question was thrown upon the plaintiff by reason of the careless manner in which the defendant's servants handled the timber which they were moving. The facts alleged do not show such carelessness. Evidently the alleged mistake was in handling any of these sticks of timber while so insecurely and negligently piled, and while persons were where they were liable to be injured by their falling. We think that the allegation that the timber was thrown down upon the plaintiff "by the carelessness and negligence of the defendant by its servants as aforesaid," refers to the negligent acts of the defendant's servants before described in paragraphs 4 and 5 of the complaint, namely, the negligent

manner in which the timber was piled and suffered to remain insecure and without protection or warning. These are the same acts of negligence described in the complaint in the action before us, though perhaps in slightly different language.

The cause of action which is described in the second complaint is also described in the first. Indeed, we regard the proximate cause of the plaintiff's injury, as stated in both complaints, to be the negligence of the defendant in failing to have the timbers in question properly and securely piled. The trial court upon the hearing in this case has found that to have been the cause of the fall of the timbers. That fact, as well as all other substantial facts of the finding before us, might have been proved under the averments of the first complaint, had there been in that case a hearing similar to that had in the present case. Upon this appeal we cannot, of course, review the decision of the Superior Court upon the former case. But we think it manifest that the decisions in the two cases are conflicting, and that upon substantially the same facts the Superior Court held in one case, as a matter of law, that the defendant was not guilty of negligence and that the injury was the result of the negligence of the plaintiff's fellow-servant, and in the other, as a matter of law, that the defendant was negligent and that the injury was not caused by the negligence of the plaintiff's fellow-servant. No appeal having been taken from the first judgment, the parties, who were the same in both cases, were concluded by it, and it was error to hold that that judgment was not a bar to the maintenance of this action. As the determination of this question is decisive of the case, it is unnecessary to consider the remaining reasons of appeal.

There is error, the judgment is set aside and the case remanded to the Superior Court for the assessment of nominal damages.

In this opinion the other judges concurred.