ROBERT S. CARVETTE *v*. FIDELITY AND DEPOSIT
COMPANY OF MARYLAND

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 6—decided October 29, 1964

*Sidney Vogel,* for the appellant (plaintiff).

*John F. Lambert,* for the appellee (defendant).

PER CURIAM. The issue is whether the court erred
in rendering judgment for the defendant after the
plaintiff had filed a withdrawal of the action. The
plaintiff brought this action against the defendant,
the defendant demurred to the entire cause of action
stated, and the court sustained the demurrer. The
plaintiff failed to plead over, and judgment "as in
case of non-suit" was rendered on the defendant's
motion. The plaintiff appealed, assigning as error
that the court had assumed jurisdiction to render,
and had rendered, the judgment after the plaintiff

had filed a withdrawal of the action. These are all of the pertinent facts which appear in the printed record up to the time of the appeal. If this were the end of the story, the appeal would necessarily abort since no withdrawal of action appears.

Following the appeal, however, the defendant moved for a "statement of facts." Neither party sought a hearing thereon, and the court made a special finding. This special finding becomes part of the record and is an incident to the judgment. If the special finding is insufficient to support the judgment, the error is one upon the record. Practice Book § 611; Maltbie, Conn. App. Proc. § 151. From the special finding, it appears that the court heard the defendant's motion for a nonsuit and judgment on November 1, 1963, and that the plaintiff "purported to file" a withdrawal of the action on November 2, 1963. The motion for a nonsuit and judgment was based on the plaintiff's failure to plead over after the defendant's demurrer had been sustained. The plaintiff indicated no desire or intent to plead over and admitted that there was no defense to the motion. Court and counsel then discussed the plaintiff's request to withhold rendition of the judgment until after a decision had been rendered on a motion pending before the Superior Court in another action in which the present plaintiff was the defendant. The court stated that, lacking an agreement of counsel, it would enter judgment immediately. The court also has variously found that counsel agreed to the granting of a nonsuit and the rendition of judgment for the defendant, with, however, entry of the decision on the docket delayed until the disposition of the motion in the Superior Court action; and, in its conclusions, that counsel agreed that the court

delay "its decision and entry upon the docket of the nonsuit and judgment" and had plaintiff's counsel "not agreed to this course of action the court would have entered a judgment immediately." Finally, it appears from the finding that, on an undisclosed date following the filing of the withdrawal of action, the court ordered the withdrawal erased and a nonsuit and judgment entered.

We withhold comment regarding the procedure followed. Why a judgment "as in case of non-suit" was sought and rendered is obscure. In fact, the judgment was for failure to plead after the demurrer was sustained. Since the decision on the demurrer determined that no right of action existed, the judgment was as final and complete as a judgment following a trial on the merits. *Brennan* v. *Berlin Iron Bridge Co.*, 71 Conn. 479, 490, 42 A. 625. The parties make no point of the form of the judgment, however. Consequently, we do not discuss the procedural questions presented by a judgment "as in case of non-suit" as discussed in Maltbie, Connecticut Appellate Procedure §§ 215-217. See General Statutes §§ 52-210—52-212. On the facts of this case, the judgment is to be given the same effect as a judgment on the merits. While the special finding leaves doubt as to much of what transpired on November 1, it does make clear that the court expressed and the plaintiff not only knew but acquiesced in the substance of the judgment on November 1. Under such circumstances, the attempt to withdraw the action on November 2, without the court's permission, was ineffectual. General Statutes § 52-80; *McCurdy* v. *Mather*, 1 Kirby 273.

Other assignments of error do not require discussion.

There is no error.