PATRICIA SANTORSO, ADMINISTRATRIX
(ESTATE OF LAWRENCE SANTORSO), ET
AL. *v.* BRISTOL HOSPITAL ET AL.
(AC 32136)

Lavine, Alvord and Borden, Js.

Argued December 1, 2010—officially released April 5, 2011

*Michael G. Rigg*, with whom was *Nancy P. Tyler*, for the appellant (defendant Bristol Hospital).

*Jason T. Prueher*, for the appellant (defendant Jeffrey Goldberg).

*Lorinda S. Coon*, for the appellant (defendant Rainer Bagdasarian).

*Bruce E. Newman*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The defendants, Bristol Hospital (hospital) and physicians Jeffrey Goldberg and Rainer Bagdasarian, appeal from the denial of their motions for summary judgment[1] in this medical malpractice action. They claim that the trial court, *Hon. Joseph M. Shortall*, judge trial referee, improperly denied their motions for summary judgment rejecting their claim that the action is barred by the doctrine of res judicata. We agree and therefore reverse the judgment of the trial court.

---

[1] Generally, the denial of a motion for summary judgment is not appealable, but the denial of a motion for summary judgment predicated on the doctrine of res judicata is a final judgment for purposes of appeal. See part I of this opinion, quoting *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 232, 4 A.3d 851 (2010).

The following procedural history is relevant to our resolution of this appeal. On June 1, 2006, Lawrence Santorso (Santorso), the now deceased spouse of the plaintiff, Patricia Santorso, administratrix of the estate of Lawrence Santorso, commenced an action against the defendants in *Santorso* v. *Bristol Hospital*, Superior Court, judicial district of New Britain, Docket No. CV-06-5001663-S (first action). The complaint in the first action alleged, in part, that the defendants were negligent in that, for two years, they failed to treat Santorso for a lesion in his lung that had been detected by the hospital's radiology department on three separate occasions. By the time Santorso was diagnosed with lung cancer, the cancer had metastasized, and he was not a candidate for surgical intervention. He died while the first action was pending.

When the complaint in the first action was served on the defendants, it contained neither an attorney's good faith certificate nor opinion letters of similar health care providers (opinion letters), both required by General Statutes § 52-190a (a).[2] The defendants filed motions to dismiss the first action pursuant to General Statutes § 52-190a (c),[3] claiming that the court lacked subject

[2] General Statutes § 52-190a (a) provides in relevant part: "No civil action . . . shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987 . . . in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action . . . has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint . . . shall contain a certificate of the attorney or party filing the action . . . that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . . To show the existence of such good faith, the claimant . . . shall obtain a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ."

[3] General Statutes § 52-190a (c) provides that "[t]he failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for dismissal of the action."

matter jurisdiction due to the absence of a good faith certificate and opinion letters. The court, *Prestley, J.,* denied the motions to dismiss on January 25, 2007, concluding that the defect was curable[4] and ordered Santorso, within thirty days, to file an amended complaint containing a good faith certificate and opinion letters.

Kevin E. Creed, Santorso's counsel, filed an amended complaint containing his good faith certificate and opinion letters purportedly from similar health care providers. The defendants again filed motions to dismiss, claiming that the court lacked subject matter jurisdiction because the opinions were not from similar health

---

[4] Although Judge Prestley concluded that Santorso's failure to include a good faith certificate and opinion letters was a curable defect, this court in *Rios* v. *CCMC Corp.*, 106 Conn. App. 810, 822, 943 A.2d 544 (2008), held that "the plain language of this new statutory subsection [§ 52-190a (c)] . . . expressly provides for dismissal of an action when a plaintiff fails to attach a written opinion of a similar health care provider to the complaint, as required by § 52-190a (a)."

"[M]otions to dismiss are not limited to jurisdictional challenges. . . . For example, under General Statutes § 52-549t (b) a court may dismiss an action when parties have failed to appear before a fact finder. The dismissal in § 52-549t (b) is discretionary and in no way implicates the jurisdiction or the power of the court to hear the case. Similarly, Practice Book § 14-3 provides for dismissal due to lack of diligence in prosecution of an action. Again, the power of the court to hear the case is not implicated by virtue of a dismissal for lack of diligent prosecution under this provision." (Citation omitted.) *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113 Conn. App. 569, 582–83, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009).

"A plaintiff's failure to comply with the requirements of § 52-190a (a) does not destroy the court's subject matter jurisdiction over the claim; it does not affect the power of the court to hear her medical malpractice action. However, the legislature has provided that such a failure does render her complaint subject to dismissal pursuant to § 52-190a (c). Dismissal pursuant to this section is a statutory remedy for any defendant who is subject to a legal action in which the statutorily required written opinion is not annexed to the complaint or initial pleading." Id., 583–84; see also *Bennett* v. *New Milford Hospital, Inc.*, 117 Conn. App. 535, 550, 979 A.2d 1066 (2009) (action properly dismissed when opinion letter not authored by similar health care provider), aff'd, 300 Conn. 1, 12 A.3d 865 (2011).

care providers. The only opinion letters that conceivably could have been from similar health care providers, however, were dated after the first action had been commenced. On July 31, 2007, Judge Prestley again denied the defendants' motions to dismiss, concluding that the claimed insufficiencies were to be tested by means of a motion to strike.[5]

Thereafter the defendants filed motions to strike the respective counts of the amended complaint alleged against them. The court, *Pittman, J.,* granted the motions to strike the second amended complaint on April 3, 2008. Judge Pittman concluded that "a fair reading of the complaint together with the good faith certificate and the opinion letters yields the conclusion that [Santorso] sued first and conducted the required 'reasonable inquiry' later. This is the exact sequence of events that [§ 52-190a (a)] was enacted to prohibit. . . . The complaint, without any appended opinion letter that demonstrates a *pre-suit* opinion from a similar health care provider, is legally insufficient." (Emphasis in original.) Santorso failed to plead over, and, on June 25, 2008, Judge Pittman granted the defendants' motions for judgment pursuant to Practice Book § 10-44. The plaintiff did not appeal from the judgment rendered in the first action.

---

[5] Judge Prestley noted the absence, at the time, of appellate authority with respect to § 52-190a (c) and the division of authority on the question of subject matter jurisdiction among the judges of the Superior Court. Judge Prestley concluded that a court's decision to dismiss a complaint for failure to attach a written opinion was discretionary. She relied on *LeConche* v. *Elligers*, 215 Conn. 701, 709–10, 579 A.2d 1 (1990), superseded by No. 05-275, § 2, of the 2005 Public Acts, which was codified in § 52-190a (c), for the proposition that the certificate required by § 52-190a (a) prior to the 2005 amendment was not jurisdictional, as the Superior Court traditionally has had subject matter jurisdiction to adjudicate actions alleging medical negligence. Judge Prestley also concluded that the question of when the opinion letters were authored was not a jurisdictional matter, and the sufficiency of the opinions could be tested by means of a motion to strike.

Approximately six weeks later, the plaintiff commenced the present action (present action).[6] In the present action, the plaintiff alleged the same causes of action alleged against the defendants in the first action and sought damages for wrongful death on behalf of Santorso's estate and loss of consortium on her own behalf. The complaint in the present action contained a good faith certificate signed by Creed and the same opinion letters from a general surgeon and medical oncologist that had been attached to the second amended complaint in the first action. The present action also alleged that it was brought pursuant to General Statutes § 52-592 (a), the accidental failure of suit statute.[7]

The hospital and Goldberg filed motions to dismiss the present action on the ground that the opinions were not written by similar health care providers. Judge Pittman denied the motions to dismiss, reasoning that the opinions offered by a general surgeon and an oncologist were physicians with sufficient training, experience and knowledge to be qualified to offer medical opinions concerning the standard of care. At that stage of the proceedings, Judge Pittman declined "the invitation to begin a detailed and wide ranging comparison

---

[6] The plaintiff was appointed administratrix of Santorso's estate after he died in 2007.

[7] On appeal, the plaintiff has argued that the defendants' motions for summary judgment were properly denied because the first action had not been decided on its merits pursuant to § 52-592 (a). We need not address this contention in this appeal. But see *Plante* v. *Charlotte Hungerford Hospital*, 300 Conn. 33, 56, 12 A.3d 885 (2011) ("we conclude that a plaintiff may bring a subsequent medical malpractice action pursuant to the matter of form provision of § 52-592 [a] only when the trial court finds as a matter of fact that the failure in the first action to provide an opinion letter that satisfies § 52-190a [a] was the result of mistake, inadvertence or excusable neglect, rather than egregious conduct or gross negligence on the part of the plaintiff or his attorney"). Judge Shortall stated that "[i]t cannot be said that counsel's failure to file a good faith certificate and opinion letters in [the first action] was the result of 'mistake, inadvertence or excusable neglect.' "

of the subspecialties and particularized background of each health care provider in this case." Following the filing of revisions and amendments to the complaint and certain discovery, the defendants filed their motions for summary judgment in July, 2009.

In their motions for summary judgment, the defendants argued that the first action was not defeated for any "matter of form" and that Creed's failure to comply with § 52-190a (a) precluded the plaintiff from taking advantage of the accidental failure of suit statute. Without the benefit of the accidental failure of suit statute, the defendants argued that the present action was not commenced within the two year statute of limitations and the three year statute of repose for medical malpractice actions, and, therefore, they were entitled to summary judgment. The defendants also claimed that the present action was barred by the doctrine of res judicata. Judge Shortall denied the defendants' motions for summary judgment on March 17, 2010.[8]

The defendants appealed from the denial of their motions for summary judgment, claiming that a judgment against a plaintiff on a motion to strike for failure

---

[8] In denying the defendants' motions for summary judgment, the court concluded, in relevant part, that the judgment in the first action was not rendered on the merits; that a plaintiff who fails to comply with § 52-190a may avail herself of the benefit of § 52-592 if the first action failed for any matter of form; that Creed's failure to comply with § 52-190a (a) was deliberate and not "the result of 'mistake, inadvertence or excusable neglect' " but that Creed's conduct was not sufficient to deny the plaintiff the benefit of § 52-592; the defendants were not unduly prejudiced; Creed complied with § 52-190a (a) before commencing the present action; and the "harsh consequences of visiting upon the client the consequences of her attorney's misconduct are mitigated by [§ 52-592 (a)]." Finally, the court concluded that the purpose of § 52-592 and the state's policy preference to secure a litigant's day in court and to resolve a dispute on its merits could be achieved without unfair prejudice to the defendants and without undermining the purpose of § 52-190a. The court found that the first action was defeated for a matter of form in that Creed failed to file the required good faith certificate and opinion letters and that § 52-592 (a) saved the present action from the effects of the running of the statute of limitations and the statute of repose.

to comply with § 52-190a (a) is a judgment on the merits subject to the doctrine of res judicata. We agree.

I

Before reaching the defendants' claim on appeal, we must resolve the plaintiff's jurisdictional claim. The plaintiff claims that this court lacks subject matter jurisdiction to consider the defendants' appeal, arguing that it was not taken from a final judgment. In *Singhaviroj* v. *Board of Education,* 124 Conn. App. 228, 232–33, 4 A.3d 851 (2010), this court held that the denial of a motion for summary judgment, predicated on the doctrine of res judicata, is a final judgment for purposes of an appeal pursuant to our Supreme Court's decision in *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance,* 208 Conn. 187, 195, 544 A.2d 604 (1988), which held that "[a] judgment denying [a] claim of collateral estoppel is a final judgment." "[T]he defense of collateral estoppel is a civil law analogue to the criminal law's defense of double jeopardy, because both invoke the right not to have to go to trial on the merits. Like the case of a denial of a criminal defendant's colorable double jeopardy claim, where immediate appealability is well established . . . [a] judgment denying [a] claim of collateral estoppel is a final judgment. . . . That precept applies to the doctrine of res judicata with equal force." (Citations omitted; internal quotation marks omitted.) *Singhaviroj* v. *Board of Education,* supra, 232; see also *Cayer* v. *Komertz,* 91 Conn. App. 202, 203 n.2, 881 A.2d 368 (2005); *Milford* v. *Andresakis,* 52 Conn. App. 454, 455 n.1, 726 A.2d 1170, cert. denied, 248 Conn. 922, 733 A.2d 845 (1999). We conclude that the defendants' appeal is properly before this court.

II

On the merits of the appeal, the defendants claim that the denial of their motions for summary judgment was improper because the claims alleged in the present

action are barred by the doctrine of res judicata due to the fact that the judgment rendered in the first action was on the merits. We agree.[9]

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Brooks* v. *Sweeney*, 299 Conn. 196, 210, 9 A.3d 347 (2010). "On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [or to deny a party's] motion for summary judgment is plenary." (Internal quotation marks omitted.) Id.

"A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.*, 50 Conn. App. 680, 684, 719 A.2d 62, cert. denied, 247 Conn. 945, 723 A.2d 323 (1998). Summary judgment is appropriate to determine whether a claim is barred by the doctrine of res judicata. See *Singhaviroj* v. *Board of Education*, supra, 124 Conn. App. 236.

"[T]he doctrine of res judicata . . . [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to

---

[9] Because we resolve the defendants' appeal on res judicata grounds, we need not consider whether the accidental failure of suit statute is applicable to the facts of this case. But see *Plante* v. *Charlotte Hungerford Hospital*, 300 Conn. 33, 56, 12 A.3d 885 (2011).

any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it. . . . Furthermore, [t]he judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Citations omitted; internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.*, supra, 50 Conn. App. 685–86.

"The doctrine of res judicata, or claim preclusion, prevents a litigant from reasserting a claim that has already been decided on the merits. . . . Under claim preclusion analysis, a claim—that is, a cause of action—includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . . Moreover, claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made. . . . The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . and promotes judicial economy by preventing relitigation of issues or claims previously resolved." (Citations omitted; internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 123 Conn. App. 583, 590, 2 A.3d 963, cert. granted on other grounds, 299 Conn. 920, 10 A.3d 1053 (2010). In this case, the elements of res judicata are satisfied; the identity of the parties, or their privies, is the same and the complaint alleges the same causes of

action alleged in the first action. See, e.g., *Tirozzi* v. *Shelby Ins. Co.*, supra, 50 Conn. App. 686.

Our resolution of this appeal turns on whether the motions to strike granted in the first action went to the merits of the causes of action. Practice Book § 10-39 (a) provides in relevant part: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." "Any adverse party who objects to this motion shall, at least five days before the date the motion is to be considered on the short calendar, file and serve . . . a memorandum of law." Practice Book § 10-42 (a).

"A motion to strike challenges the legal sufficiency of a pleading . . . and, consequently, requires no factual findings by the trial court. As a result, our review of the [trial] court's ruling is plenary. . . . We take the facts to be those alleged in the complaint . . . and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Thus, we assume the truth of both the specific factual allegations and any fact fairly provable thereunder. In doing so, moreover, we read the allegations broadly . . . rather than narrowly." (Internal quotation marks omitted.) *Sturm* v. *Harb Development, LLC*, 298 Conn. 124, 130, 2 A.3d 859 (2010).

A motion to strike a cause of action in its entirety challenges the most fundamental aspect of a plaintiff's cause of action. See *Southport Manor Convalescent Center, Inc.* v. *Foley*, 216 Conn. 11, 15, 578 A.2d 646 (1990). "If no cause of action was stated and the complaint could not be amended to correct this deficiency,

judgment necessarily would be rendered for the defendants." Id., 15–16. That a judgment rendered pursuant to a motion to strike is a judgment on the merits has been a part of our decisional law for more than a century. "Since the decision on the [motion to strike] determined that no right of action existed, the judgment [following a failure to plead over] was as final and complete as a judgment following a trial on the merits." *Carvette* v. *Fidelity & Deposit Co.*, 152 Conn. 697, 699, 204 A.2d 409 (1964). "The fact that the former judgment was upon demurrer, does not militate in the least against its being a decision on the merits, and as binding as a judgment after verdict."[10] *Brennan* v. *Berlin Iron Bridge Co.*, 71 Conn. 479, 487, 42 A. 625 (1899).

In this matter, the defendants filed motions to strike, and the plaintiff opposed the motions by filing objections and supporting memoranda of law. The parties appeared before Judge Pittman and argued the same. In its memorandum of decision, the court concluded that the complaint in the first action, "without any appended opinion letter that demonstrates a *pre-suit* opinion from a similar health care provider, is legally insufficient." (Emphasis in original.) The sufficiency of the allegations of the complaint, therefore, were contested, or litigated, by the parties.

In *Tirozzi* v. *Shelby Ins. Co.*, supra, 50 Conn. App. 680, the same parties and the same claims were asserted in two separate causes of action; "the plaintiff sought damages under his employer's underinsured motorist coverage." Id., 686. The first action was stricken due to the state of the law of underinsured motorist coverage at the time. Subsequently, the legislature amended

---

[10] "The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citation omitted.) *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 545, 427 A.2d 822 (1980).

the law, and our Supreme Court held that the amendment had retroactive application. Id., 683–85. The plaintiff in *Tirozzi* never attempted to have the judgment in the first action set aside and brought a second action. Id., 682–83; see footnote 9 of this opinion. This court concluded that the second suit was barred by the doctrine of res judicata because "[t]he judgment in the first action was rendered on the merits by a court of competent jurisdiction." (Internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.*, supra, 686. This court reasoned that "[t]he motion to strike required the trial court to decide the merits of the plaintiff's claim. The parties had the opportunity to fully litigate the matter. The motion to strike was contested, and both parties participated in oral argument. . . . After the trial court granted the motion to strike, the plaintiff neither repleaded pursuant to Practice Book § 10-44 nor took an appeal. The plaintiff, therefore, had an adequate opportunity to litigate the matter in the first action and to seek appellate review." Id., 686–87. The trial court, therefore, "correctly determined that the judgment in the first action was preclusive and, by failing to replead or take an appeal, the plaintiff abandoned his opportunities to avoid res judicata." Id., 689.

For the foregoing reasons, the defendants' motions for summary judgment should have been granted, as the causes of action alleged with respect to each of the defendants in the present action were barred by the doctrine of res judicata. We recognize that although the loss of a spouse is enormous and that such a loss "is easily comprehensible to anyone with knowledge of the human condition, the trial judge, armed with such knowledge, nonetheless was not relieved of his obligation to apply the law reasonably applicable to the plaintiff's complaint and the state of the pleadings." *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113

Conn. App. 569, 571, 966 A.2d 813, cert. denied (death of plaintiff's child), 292 Conn. 911, 973 A.2d 661 (2009).

The judgment is reversed and the case is remanded with direction to grant the defendants' motions for summary judgment.

In this opinion the other judges concurred.