[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#110)
The plaintiffs, Sebastian Timbro ("Timbro"), and Worldwide Financial Services of Central Connecticut, Inc. CT Page 3457 ("Worldwide"), brought this action against the defendant, Old Line Life Insurance Company ("Old Line"), seeking indemnification and reimbursement for loss of time, resources and money expended to defend themselves in a previously settled lawsuit.
By an amended one count complaint dated August 31, 1992, the plaintiffs alleges that Timbro is an independent insurance agent and the president of Worldwide. The plaintiffs allege that Worldwide is engaged in the insurance agency business in Middletown, Connecticut.
The plaintiffs allege that Old Line is and was at all pertinent times a Wisconsin corporation licensed to engage in the business of selling and issuing life insurance policies in the State of Connecticut. The plaintiffs allege that they entered into an agreement in which Old Line appointed and authorized them to act as Old Line's agent in the solicitation of purchases of life insurance policies, and in the obtaining and taking of applications for life insurance policies.
The plaintiffs further allege that on or about May 5, 1988, Timbro, as an officer of Worldwide, met with Edwin C. Higgins to assist him in filling out a written application form requesting Old Line to issue a $400,000.00 life insurance policy. The plaintiffs allege that a policy in that amount was subsequently issued to Higgins on or about June 10, 1988. The plaintiffs allege the Higgins died on or about November 4, 1988, as the result of a car accident while the policy was still in effect.
The plaintiffs allege that thereafter Old Line refused, without justification, to honor the terms of Higgins' life insurance policy and instead attempted to rescind the policy. The plaintiffs allege that Old Line's refusal to honor the terms of the policy resulted in a lawsuit brought by Higgins' widow against Old Line, Timbro and Worldwide seeking to hold one or more of them responsible for making a $400,000.00 payment to her pursuant to the policy. Higgins v. Old Line Life Insurance Company, CV-89-0055797-S ("Higgins lawsuit").
In the Higgins lawsuit, Timbro and Worldwide, filed a cross complaint against Old Line seeking indemnification for any damages recovered against them and all attorneys' fees and costs incurred. On September 17, 1991, the court, O'Connell, CT Page 3458 J., granted Old Line's motion to strike the cross complaint because it failed to state a cause of action under Connecticut law. (Defendant's Exhibit E, Memorandum of Decision on Request to Revise, p. 2.) On September 30, 1991, Timbro and Worldwide filed an amended cross complaint. In a memorandum dated January 6, 1992, the court, O'Connell, J., granted Old Line's request to revise the amended cross complaint because it was substantially similar to the original cross complaint. The court ordered the amended cross complaint deleted in its entirety. Timbro and Worldwide subsequently filed a second amended cross complaint and Old Line filed another request to revise. In a decision dated February 25, 1992, the court, Austin, J., overruled the objection to the motion to revise and found that the second amended cross complaint should be deleted in its entirety. (Defendant's Exhibit G, Memorandum of Decision, p. 4.)
The plaintiffs allege that the Higgins lawsuit concluded on October 8, 1991, after five days of trial testimony before a jury, when the defendant entered into a stipulated judgment with Higgins' widow. The plaintiffs allege that the stipulation acknowledged that Old Line was contractually obligated to pay the $400,000.00 payment to Higgins' widow.
The plaintiffs allege that Old Line's refusal to honor its payment obligation resulted in an active lawsuit for more than two years. The plaintiffs allege that because of the principal-agent relationship between Old Line and the plaintiffs, Old Line should be responsible for reimbursing and indemnifying them for the time, money and resources expended to defend themselves in the Higgins lawsuit.
The defendant filed a motion for summary judgment dated October 28, 1992, accompanied by a memorandum of law. Attached to the defendant's motion were several documents concerning the Higgins lawsuit. Those documents included copies of the following: the cross complaint filed by Timbro and Worldwide (Exhibit A); the articulation of the court's, O'Connell, J., decision to grant Old Line's motion to strike the cross complaint (Exhibit B); the amended cross complaint (Exhibit C); the second amended cross complaint (Exhibit D); the memorandum of the decision of the court's, O'Connell, J., memorandum of decision on a request to revise the second amended cross complaint (Exhibit E); the substituted second amended cross complaint (Exhibit F); and the court's, Austin, CT Page 3459 J., memorandum of decision on a request to revise the substituted second amended cross complaint (Exhibit G).
The plaintiffs filed a memorandum of law in opposition dated December 17, 1992. Subsequently, each party has filed supplemental memoranda.
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted). Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 443,445, 476 A.2d 582 (1984).
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence such an issue. Practice Book SECS. 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. . . ." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts."
Connell v. Colwell, supra, 246-47, quoting Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
Disposition based on res judicata is properly accomplished through a motion for summary-judgment. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 686-87,490 A.2d 509 (1985). CT Page 3460
The defendant argues that the plaintiffs' cause of action is barred by the doctrine of res judicata. The defendant argues that the plaintiffs' action for indemnification in the present lawsuit is identical to the second amended cross complaint that the plaintiffs asserted in the Higgins lawsuit. The defendant argues that Judge Austin's decision of February 25, 1992, in which Old Line's request to revise was granted and the cross complaint was deleted in its entirety, constituted a final adjudication of the plaintiff's claim for indemnification. Therefore, the defendant argues that because the plaintiffs' cause of action for indemnification was already decided in the Higgins lawsuit, the motion for summary judgment should be granted based on the doctrine of res judicata.
The plaintiffs argue that res judicata does not apply because there are distinct differences between what was alleged in the cross complaint in the Higgins lawsuit and what is alleged in the plaintiffs' current amended complaint. The plaintiffs argue that given the stipulated judgment entered into in the Higgins lawsuit, the basis of the claim and the underlying operative facts are entirely different from the cross complaint in the Higgins lawsuit. Accordingly, the plaintiffs maintain that the doctrine of res judicata does not apply.
"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties . . ." Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556,559, 436 A.2d 24 (1980). Res judicata does not apply where there has not been a final determination of the substantive rights of the parties. Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 196, 91 A.2d 778 (1952). Where a demurrer is sustained or a case is stricken from the docket for failure to prosecute, there has been no final determination under the doctrine of res judicata. Id.; Milgrim v. Deluca, 195 Conn. 191, 194-195, 487 A.2d 522 (1985). "The purpose and scope of a motion to strike are identical to those of a demurrer, . . ." Cavallo v. Derby Savings Bank, 188 Conn. 281,283, 449 A.2d 986, 987 (1982).
The plaintiffs' cause of action is not barred by the doctrine of res judicata. The granting of a motion to strike CT Page 3461 and the granting of two requests to revise concerning a cross complaint brought by the plaintiffs in the Higgins lawsuit does not constitute a final determination under the doctrine of res judicata. The two decisions on the requests to revise were based entirely on the original decision to grant the motion to strike and therefore offer no more a conclusive final determination than does the motion to strike. The motion for summary judgment is denied because the doctrine of res judicata is not applicable to the plaintiffs' cause of action.
The defendant's reliance, in part, on Hughes v. Bemer, 206 Conn. 491, 538 A.2d 703 (1988), for the proposition that a ruling on a motion to strike constitutes a final determination is misplaced. The Hughes decision is factually distinguishable from the case presently before the court. In Hughes a motion to strike was granted against the plaintiffs, but unlike the present action the plaintiffs did not file a substituted pleading. The court held that "`[s]ince the decision on the . . . [motion to strike] determined that no right of action existed, the judgment [following a failure to plead over] was as final and complete as judgment following trial on the merits. Brennan v. Berlin Iron Bridge Co.,71 Conn. 479, 490, 42 A. 625 [1899].'" Id., 494, quoting Carvette v. Fidelity Deposit Co., 152 Conn. 697, 699, 204 A.2d 409
(1964).
The Hughes decision only concluded that a final judgment exists where a motion to strike determined that there was no cause of action and the party against whom the motion is sustained fails to file a new pleading within the fifteen day period specified in Practice Book Sec. 157. Because the plaintiffs did file a new pleading after the motion to strike in the Higgins lawsuit, the Hughes decision does not apply to the action presently before the court.
The defendant argues that the plaintiffs may only recover under a theory of indemnification if they were passive tortfeasors. The defendant argues that the plaintiffs are not passive tortfeasors because it was the plaintiffs' negligence that was the basis for the Higgins lawsuit. The defendant argues that there is no legal theory which would require the innocent principal to indemnify a wrongdoing agent.
The defendant further argues that the plaintiffs CT Page 3462 cannot rely on the Restatement (Second) of Agency for indemnification. The defendant argues that the allegations against plaintiffs in the Higgins lawsuit were based on claims of independent negligence and fault on the part of the plaintiffs. The defendant argues that these allegations involve actions of the plaintiffs that were outside the scope of the agency relationship with the defendant. Therefore, the defendant argues that the plaintiffs cannot seek indemnification pursuant to the Restatement (Second) of Agency.
The plaintiffs argue that the indemnification claim which has been alleged in the amended complaint is not derived from the active-passive tortfeasors type of indemnification claim. Rather, the plaintiffs argue that their indemnification is based on the authority of Sections 438 and 439 of the Restatement (Second) of Agency. The plaintiffs argue that because their cause of action for indemnification is based upon the Restatement, any negligence on the part of the plaintiffs does not defeat the plaintiffs right of recovery.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701,535 A.2d 357 (1988). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought has either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 1060 (1990), citing Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 411, 207 A.2d 732 (1965). Indemnification is permitted in the tort actions involving allegations of active/passive negligence. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198, 554 A.2d 287 (1989), citing Kaplan, supra, 415.
To successfully plead active/passive negligence a party must allege facts sufficient to prove the following the other party was negligent; (2) the other party's negligence, rather than the negligence of the party seeking indemnification, was the direct and immediate cause of the injury; (3) the other party was in exclusive control of the situation; (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it and could reasonably rely on the other party not to be negligent. Burkert, supra, 74. The Appellate Court in Atkinson CT Page 3463 v. Berloni, 23 Conn. App. 325, 327, 580 A.2d 84 (1990), added a fifth requirement: that there be an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty.
Agency is defined as "`the fiduciary relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . .' Restatement (Second), 1 Agency 1." Botticello v. Stefanovicz.177 Conn. 22, 25, 411 A.2d 16 (1979), citing McLaughlin v. Chicken Delight, Inc., 164 Conn. 317, 322, 321 A.2d 456
(1973). The existence of an agency relationship is a question of fact. West Haven Sound Development Corporation v. West Haven, 201 Conn. 305, 311, 514 A.2d 734 (1986), Frigon v. Enfield Savings Loan Assn., 195 Conn. 82, 85, 486 A.2d 630
(1985). The burden of proving agency is on the plaintiff. Botticello, supra, 26.
The defendant's motion for summary judgment is denied because the defendant has failed to show the nonexistence of any material issue of fact. The question of an agency relationship between the plaintiff and defendant must be addressed in determining whether an independent legal relationship, giving rise to a duty, existed between the parties. Whether or not the plaintiffs were engaged in activity within the scope of an agency relationship is a question of fact. West Haven Sound Development Corporation, supra, 311. The defendant has provided no evidence to satisfy his burden of showing, as a preliminary matter, that it is quite clear that the plaintiffs were acting outside the scope of the agency relationship. Therefore, the motion for summary judgment is denied.
Even if the court determined that the existence of an agency relationship did not involve a question of material fact, whether or not the plaintiffs may recover under the theory of common law indemnification does involve the existence of a material fact. The defendant argues in the alternative that the plaintiffs cannot seek indemnification pursuant to the common law because the Higgins lawsuit was the result of the plaintiffs' own negligence and there is no legal theory which would require the innocent principal to indemnify a wrongdoing agent. Whether or not the Higgins lawsuit was the result of the plaintiffs' own negligence is an issue of CT Page 3464 fact that was never determined in the previous lawsuit. Nor has the defendant, in its motion for summary judgment in the present action, carried the burden of showing that it is quite clear that the plaintiffs' negligence was the basis of the Higgins lawsuit.
Motion for summary judgment is denied.
HIGGINS, J.