10-2912-cv
Mulero v. City of Bridgeport Board of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT:
> Dennis Jacobs,
> > *Chief Judge,*
> José A. Cabranes,
> Debra Ann Livingston,
> > *Circuit Judges.*

———————————————————————————————

Felipe Mulero,

> *Plaintiff-Appellant,*

> v.                                                            10-2912-cv

City of Bridgeport Board of Education, One
Consolidated School District of New Britain,
Connecticut, Department of Education,
State of Connecticut,

> *Defendants-Appellees.*

———————————————————————————————

FOR APPELLANT:         Felipe Mulero, *pro se*, Wethersfield, CT.


FOR APPELLEES:         Rachel Volkman Kushel, Durant, Nichols, Houston, Hodgson &
                       Cortese-Costa, P.C., Bridgeport, CT.

Appeal from a judgment of the United States District Court for the District of
Connecticut (Dorsey, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Felipe Mulero, *pro se*, appeals from the district court's judgment granting the
defendants' summary judgment motions in his employment discrimination action; granting the
motion of his appointed counsel, Brian J. Wheelin, to withdraw from Mulero's action against the
Connecticut State Department of Education ("DOE"); and denying his motion to appoint new
counsel.  On appeal, Mulero challenges the latter two decisions only, and thus has abandoned
any challenge to the district court's summary judgment decision.  *See LoSacco v. City of
Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that this Court "need not manufacture
claims of error for an appellant proceeding *pro se*" and that issues not raised in the appellant's
*pro se* brief were abandoned).  We assume the parties' familiarity with the underlying facts and
the procedural history of the case.

We review the grant or denial of both a motion to appoint counsel and a motion for leave
to withdraw as counsel for abuse of discretion.  *See Ferrelli v. River Manor Health Care Ctr.*,
323 F.3d 196, 200 (2d Cir. 2003) (motion to appoint counsel); *Whiting v. Lacara*, 187 F.3d 317,
320 (2d Cir. 1999) (motion for leave to withdraw as counsel).  In ruling on a motion to appoint
counsel, a district court "should first determine whether the [movant's] position [is] likely to be

of substance." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In ruling on a motion for leave to withdraw as counsel, rules of professional conduct may "provide[] guidance for the court as to what constitutes 'good cause'" for granting such a motion. *See Whiting*, 187 F.3d at 321. Pursuant to Rule 1.16(c)(6) of the New York Rules of Professional Conduct, a lawyer may withdraw from representing a client when "the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law."

Although Wheelin's explanation for withdrawal was apparently made off the record, the record suggests that he determined that Mulero's claims against the DOE lacked merit, and that Mulero disagreed with this determination. (*See* Order On Motion to Appoint Counsel, Dist. Ct. Doc. No. 92) ("Wheelin moved to withdraw because of Plaintiff's unwillingness to heed his advice concerning the merits and propriety of continuing with the action."). Wheelin's conduct would have been appropriate. Mulero alleged only that the DOE had denied his application for a teaching certificate, which would not render the DOE his employer under Title VII or the Americans with Disabilities Act. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 379 (2d Cir. 2006) (holding that courts should apply "traditional indicators of employment under the common law of agency" in determining whether an entity is a plaintiff's employer under Title VII, including whether the entity "hired and compensated" the plaintiff and exercised a "direct, obvious, and concrete" level of control over the plaintiff's "day-to-day activities"); *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448-50 (2003) (employing a similar analysis with respect to the ADA). Accordingly, Mulero's complaint against the DOE was likely meritless, providing Wheelin with good cause to withdraw under Rule 1.16(c)(6) of the New York Rules of Professional Conduct. As a result, the district court did not abuse its discretion in

3

granting Wheelin's motion to withdraw. For similar reasons, and after reasonably finding that Mulero was unlikely to follow the advice of another attorney, the district court did not abuse its discretion when it denied Mulero's motion to appoint new counsel.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4