PAUL R. HIMMELSTEIN *v.* JAMES F.
BERNARD ET AL.
(AC 30091)

Gruendel, Lavine and Mihalakos, Js.

Argued September 20—officially released December 4, 2012

*Thomas R. Gerarde*, with whom were *Beatrice S. Jordan* and, on the brief, *Jay T. DonFrancisco*, for the appellants (named defendant et al.).

*Juri E. Taalman*, with whom, on the brief, was *Timothy Brignole*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendants Sergeant James F. Bernard and the town of Windsor (town),[1] appeal from the judgment of the trial court denying their motion for

---

[1] Tim Scully, a department of transportation employee, also was named as a defendant. The action later was withdrawn as against him, and he is not a party to this appeal. We therefore refer in this opinion to Bernard and the town as the defendants.

summary judgment.[2] Specifically, the defendants claim that the court erred in concluding that the doctrine of res judicata did not bar the plaintiff's action in nuisance.[3] We agree with the defendants and reverse the judgment of the trial court.

Our Supreme Court set forth the following relevant facts and procedural history. "On Tuesday, July 20, 2004, at approximately 6:45 p.m., the plaintiff was operating his bicycle in the northbound travel portion of Route 159, also known as Palisado Avenue, in the town. Due to vehicular traffic also traveling on Route 159, the plaintiff was forced to cross over the white fog line and into the area of the breakdown lane between the white fog line and the curb, or the edge of the road. There, he collided with a radar trailer that the town's police department had placed in that area. As a result of the collision, the plaintiff suffered various personal injuries and economic damages. Thereafter, on June 24, 2005, in a seven count complaint, the plaintiff alleged, inter alia, a breach of statutory duty pursuant to [General Statutes] § 13a-149[4] against the town, a claim of nuisance against the town for placing the radar trailer in the travel portion of the road, and claims for negligence, nuisance and breach of statutory duty pursuant to General Statutes § 13a-144[5] against the commissioner of transportation and certain employees or

---

[2] While a denial of summary judgment generally is not considered a final judgment for purposes of appellate review, the denial of a motion for summary judgment based on the doctrine of res judicata is a final judgment for purposes of an appeal. *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 232, 4 A.3d 851 (2010).

[3] The defendants claim, in the alternative, that the court erred in concluding that the doctrine of collateral estoppel did not bar the plaintiff's nuisance action. As we conclude that res judicata applies, we need not address the defendants' collateral estoppel claim.

[4] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ."

[5] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through neglect or default of the state or any of its

agents of the department of transportation."[6] *Himmelstein* v. *Windsor*, 304 Conn. 298, 301–302, 39 A.3d 1065 (2012).

On September 23, 2005, after a hearing and the submission of memoranda from both parties, the trial court granted the town's motion to strike the plaintiff's nuisance claim against it. The court stated: "In this case, the plaintiff does not allege that anything other than the failure of the town and/or its employees to remedy or warn him of the position of the radar trailer was the proximate cause of his injuries. He clearly alleges that a physical impediment at street level, in the traveled portion of the roadway, rendered the roadway not reasonably safe for travel. . . . Therefore, the court concludes, as a matter of law, that the allegations as to the radar trailer in the plaintiff's complaint bring it within the class of objects . . . that constitute defects in the highway. . . . [I]f the obstruction is maintained in a condition that renders the highway unsafe, it is deemed a defect . . . [and] the town is liable under the highway defect law. . . . Accordingly, since the radar trailer [as alleged] constitutes a highway defect, the plaintiff's exclusive remedy is an action pursuant to § 13a-149."[7] (Citations omitted; internal quotation marks omitted.) Id., 302–303.

employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

[6] The claims in the original action against the state and its agents all have been withdrawn by the plaintiff or disposed of by the court.

[7] General Statutes § 52-557n (a) (1) is the source of the exclusivity of the remedy available under § 13a-149. It provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. . . ." General Statutes § 52-557n (a) (1).

"The plaintiff thereafter filed an amended complaint essentially removing all of his claims against the town except for the claim pursuant to § 13a-149, but preserved for appellate review the counts that the trial court had struck. The town subsequently filed a motion for summary judgment as to the plaintiff's remaining count, arguing, inter alia, that the town was not the party bound to keep the roadway in the location of the plaintiff's accident in repair because it was a state highway, and thus was not liable to the plaintiff under § 13a-149. After reviewing the pleadings, affidavits and other proof submitted in connection with the motion for summary judgment, and the plaintiff's opposition thereto, the trial court . . . determined that the plaintiff's accident occurred on Route 159, which is indisputably a state highway maintained solely by the state department of transportation. Accordingly, the trial court granted the town's motion for summary judgment, concluding that the town had no obligation to maintain the highway at the location of the accident and, therefore, the plaintiff had failed to establish an essential element of his claim under § 13a-149, which allows recovery only from 'the party bound to keep [the defective road] in repair.' " Id., 303–304.

"The plaintiff appealed from the judgment of the trial court to the Appellate Court, arguing . . . that the trial court improperly struck his nuisance count and improperly granted the town's motion for summary judgment. . . . In affirming the judgment of the trial court, the Appellate Court concluded that the court 'properly determined, as a matter of law, that the specific allegations set forth in count four of the complaint [sounding in nuisance] fall within the province of § 13a-149 . . . [and] because count four of the complaint set forth an allegation of a municipal highway defect, § 13a-149 was the exclusive remedy available to the plaintiff. . . . After [the trial court] determined that the allegations

contained in count four invoked § 13a-149 as a matter of law, the nuisance count was legally insufficient and no longer viable.'" (Citation omitted.) Id., 304.

"The Appellate Court further concluded, with respect to the grant of the motion for summary judgment on the plaintiff's sole remaining count, that the town had established that there was no genuine issue of material fact that the state, rather than the town, was bound to keep Route 159 in repair, and that the plaintiff had failed to present evidence that would raise such a triable issue of fact in that regard." Id. The plaintiff appealed to the Supreme Court, which affirmed wholly this court's judgment.[8] Id., 301.

On July 19, 2007, before this court or the Supreme Court rendered their judgments with respect to the plaintiff's appeal, the plaintiff served a complaint commencing the present action in nuisance against the defendants. The plaintiff asserts that Bernard, a named defendant in the present action, is the defendant who was once denominated as "John Doe" in the plaintiff's first action, although in that first complaint the claim that the plaintiff brought against Bernard was one of negligence rather than nuisance. On February 6, 2008, the defendants filed and the court ultimately granted a motion to consolidate the first action with the present action now before this court. The defendants, on October 18, 2007, filed a motion for summary judgment asserting, inter alia, that the plaintiff's claims of nuisance against the town and its employee, Bernard, were barred by the doctrines of res judicata and collateral

[8] The plaintiff, in his brief to this court, has attempted to relitigate the viability of his nuisance action against the town and its agents in light of § 13a-149. Our Supreme Court, however, has ruled on this issue, deciding that the plaintiff's claim in nuisance was legally insufficient because § 13a-149 provides his exclusive remedy. *Himmelstein* v. *Windsor*, supra, 304 Conn. 310–11. Moreover, the substantive merits of the plaintiff's nuisance claim are not at issue in this appeal.

estoppel. The defendants argued that the court's granting of the defendants' motion to strike the plaintiff's nuisance claim against the town was a decision on the merits, rendering the matter res judicata. The plaintiff opposed the motion, asserting that the court's granting of the motion to strike was a "procedural" decision, not to be considered a decision on the merits for purposes of res judicata. After a hearing, the court issued an oral decision denying the defendants' motion for summary judgment. In explaining its reasoning, the court did not address res judicata and collateral estoppel separately. Rather, it stated that the striking of the nuisance claim did not constitute a judgment on the merits; thus, both the doctrines of collateral estoppel and res judicata were inapplicable to the case. From this judgment, the defendants appeal.

"The standard of review of motions for summary judgment is well settled. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts . . . . Our review of the trial court's decision to deny the defendant's motion for summary judgment is plenary. . . . [Likewise] [t]he applicability of res judicata . . . presents a question of law over which we employ plenary review." (Citations omitted; internal quotation marks omitted.) *Savvidis* v.

*Norwalk*, 129 Conn. App. 406, 409–10, 21 A.3d 842, cert. denied, 302 Conn. 913, 27 A.3d 372 (2011).

"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." *State* v. *Aillon*, 189 Conn. 416, 423–24, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983). "The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . ." (Citation omitted; internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 123 Conn. App. 583, 590, 2 A.3d 963 (2010), rev'd on other grounds, 306 Conn. 107, 49 A.3d 951 (2012). "The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it. . . . Furthermore, [t]he judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest. . . . The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily. We further emphasize that where a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding. But the scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Citation omitted; internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.*, 50 Conn. App. 680,

685–86, 719 A.2d 62, cert. denied, 247 Conn. 945, 723 A.2d 323 (1998).

"Because the operative effect of the principle of claim preclusion . . . is to preclude relitigation of the original claim, it is crucial to define the dimensions of that original claim. . . . [T]he claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction . . . out of which the action arose. . . . [This] transactional test . . . provides a standard by which to measure preclusive effect of a prior judgment, which we have held to include any claims relating to the cause of action which were actually made or might have been made. . . . [E]ven though a single group of facts may give rise to rights for several kinds of relief, it is still a single cause of action." (Internal quotation marks omitted.) *Savvidis* v. *Norwalk*, supra, 129 Conn. App. 410–11.

The resolution of this appeal turns on whether the court's granting of the motion to strike the claim of nuisance against the town in the plaintiff's first action was a decision on the merits. "A motion to strike . . . challenges the most fundamental aspect of a plaintiff's cause of action. . . . If no cause of action was stated and the complaint could not be amended to correct this deficiency, judgment necessarily would be rendered for the defendants. . . . That a judgment rendered pursuant to a motion to strike is a judgment on the merits has been a part of our decisional law for more than a century. Since [a] decision on [a] [motion to strike] determine[s] that no right of action exist[s], the judgment [following the failure to plead over, is] as final and complete as a judgment following a trial on the merits. . . . The fact that [a] former judgment was upon demurrer, [our state's predecessor of the motion to strike] does not militate in the least against its being a decision on the merits, and as binding as a judgment

after verdict." (Citations omitted; internal quotation marks omitted.) *Santorso* v. *Bristol Hospital*, 127 Conn. App. 606, 616–17, 15 A.3d 1131, cert. granted on other grounds, 301 Conn. 918, 21 A.3d 464 (2011).

In the present action, the plaintiff asserts the identical claim of nuisance against the town that the court struck in the first action. Before the court granted the defendants' motion to strike, the parties had the opportunity to argue before the court and to submit memoranda in support of their respective positions. Following that grant, the plaintiff had a choice: amend his complaint, if possible, or file a motion for judgment and take an appeal. He chose the latter, which bound him to abide by the decisions of the appellate courts. Both this court and our Supreme Court have found no error in the court's striking of the nuisance claim against the town. Accordingly, the claim of nuisance, having been struck properly by the court, is a judgment on the merits for purposes of res judicata.

The remaining elements necessary to satisfy the doctrine of res judicata are present as well. The identity of the parties in both the first action and the present action are the same. Both actions allege the same legal claim of nuisance and arise out of the same event, or transaction, in which the plaintiff alleges he was injured. Under the doctrine of res judicata, therefore, the plaintiff may not now relitigate his claim of nuisance against the town.

We address next the defendants' claim that Bernard is to be considered as one entity with the town for purposes of res judicata because the plaintiff has brought this action against him in his official capacity. As the law of Connecticut squarely answers this question in the affirmative, we agree with the defendants.

While the complaint in the present action does not explicitly specify that Bernard is named in his official

capacity, it refers to Bernard as "Police Sergeant in the Town of Windsor . . . ." It also alleges that Bernard's "direction, supervision, control and/or participation" in placing the radar trailer on Palisado Avenue created the nuisance responsible for the plaintiff's injuries. Furthermore, the plaintiff, in his brief to this court, unequivocally stated that Bernard "is being sued herein in his official capacity." Accordingly, we need not engage in any analysis of whether the plaintiff's action is against Bernard in his official or individual capacity.

"It is well settled law that an action against a government official in his or her official capacity is not an action against the official, but, instead is one against the official's office and, thus, is treated as an action against the entity itself. . . . [In general] an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is not a suit against the official personally, for the real party in interest is the entity. . . . Since [officials] represent not their own rights but the rights of the municipality the agents of the same municipal corporation are in privity with each other and with the municipality." (Citations omitted; internal quotation marks omitted.) *Kelly* v. *New Haven*, 275 Conn. 580, 595, 881 A.2d 978 (2005).

Having been sued in his official capacity, Bernard is one with the town. Thus, the plaintiff's present action against Bernard is merely a redundant claim of nuisance against the town. Accordingly, for the same reason as explained previously, which is that the plaintiff's present action against the town is precluded by the doctrine of res judicata, the plaintiff's nuisance action against Bernard, in his official capacity, also is precluded.

Given that the doctrine of res judicata bars the plaintiff's claim in nuisance, both against the town and Bernard in his official capacity, there exists no genuine

issue of material fact; the plaintiff's nuisance claim simply is not viable as a matter of law. Accordingly, we conclude that the court improperly denied the defendants' motion for summary judgment, contrary to the mandate of Practice Book § 17-49.

The judgment is reversed and the case is remanded with direction to grant the defendants' motion for summary judgment and to render judgment for the defendants.

In this opinion the other judges concurred.