## C & H MANAGEMENT, LLC *v.* CITY OF SHELTON ET AL.
### (AC 33264)

Bear, Espinosa and Sheldon, Js.

Argued October 19, 2012—officially released February 5, 2013

*Thomas R. Gerarde*, with whom, on the brief, was *Emily E. Cosentino*, for the appellants (defendants).

*Ian Angus Cole*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendants, the city of Shelton (city) and Robert Kulacz,[1] appeal from the judgment of the trial court denying their motion for summary judgment, which had been grounded on the doctrine of res judicata.[2] On appeal, the defendants claim that the court erred in denying their motion. We affirm in part and reverse in part the judgment of the trial court.

The following facts, as found by the trial court, are relevant to our review of the defendants' claim. The plaintiff, C & H Management, LLC, commenced an action seeking a writ of mandamus to compel the city and Kulacz, the city's engineer, to approve the plaintiff's application for the construction of a single-family house

---

[1] We note that the plaintiff's complaint alleges that this action is brought against Kulacz in his individual capacity; it does not appear, however, that in hand or abode service was attempted on Kulacz. See General Statutes § 52-57. The return of service in the present case specifies that service on both the city and Kulacz was made by "leaving two (2) verified true and attested copies of the original [w]rit, [s]ummons and [c]omplaint . . . with and in the hand of Jane Barrese, Assistant City/Town Clerk, 54 Hill Street, Shelton (One such copy for each of the named defendants)." Nevertheless, "[u]nlike defects in subject matter jurisdiction, which may not be waived, a party waives any objection to a court's personal jurisdiction unless that party files a motion to dismiss within thirty days of the filing of an appearance." *Carpenter* v. *Law Offices of Dressler & Associates, LLC*, 85 Conn. App. 655, 661, 858 A.2d 820, cert. denied, 272 Conn. 909, 863 A.2d 700 (2004); see also Practice Book § 10-30.

[2] Although the denial of summary judgment generally is not considered a final judgment for purposes of appellate review, the denial of a motion for summary judgment grounded on the doctrine of res judicata is a final judgment for purposes of appeal. See *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 232, 4 A.3d 851 (2010).

(mandamus action). Kulacz had refused to approve the plans, and he refused to give the plaintiff any explanation for his refusal. The city's planning and zoning commission and its administrator both approved the plans. The plaintiff was successful in the mandamus action, where the court ordered that permits for the construction of the house be issued.

The plaintiff then brought the present action against the defendants for inverse condemnation and for monetary damages for an alleged violation of the plaintiff's rights under 42 U.S.C. § 1983.[3] On April 6, 2010, the defendants filed a motion for summary judgment on the ground that the plaintiff's action was barred by the doctrine of res judicata because these causes of action could have been brought at the time the plaintiff brought the mandamus action. The plaintiff objected to the motion for summary judgment on several grounds. On December 23, 2010, the court denied the defendants' motion, and it later issued an articulation further explaining its reasons for denying the defendants' motion. Specifically, the court determined that the plaintiff's action was not barred by res judicata because (1) the relevant facts needed to support the present claims did not surface until the mandamus trial, (2) the mandamus action sought expeditious relief different from the relief sought in the present action and (3) the mandamus action was brought against the city and a number of its officials, whereas the present case is brought against the city and Kulacz, individually. This appeal followed.

---

[3] Section 1983 of title 42 of the United States Code provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

On appeal, the defendants claim that the court improperly denied their motion for summary judgment. Specifically, they argue that the elements of res judicata have been met, thereby entitling them to judgment as a matter of law because both the mandamus action and the present action involve the same parties, or those in privity with them, and the plaintiff received a judgment on the merits in the mandamus action. We agree that the claims against the city are barred by the doctrine of res judicata, but conclude that the claims against Kulacz, who has been sued individually instead of in his official capacity, are not barred.[4]

As a preliminary matter, we set forth the applicable standard of review and the relevant legal principles that guide our analysis. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing . . . that the party is . . . entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 599–600, 922 A.2d 1073 (2007).

"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also

---

[4] We express no opinion about whether the plaintiff ultimately will be able to prove any of his claims against Kulacz in his individual capacity.

as to any other admissible matter which might have been offered for that purpose. . . . The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it. . . . Furthermore, [t]he judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest. . . . The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily. We further emphasize that where a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding. But the scope of matters precluded necessarily depends on what has occurred in the former adjudication. . . .

"Because the operative effect of the principle of claim preclusion . . . is to preclude relitigation of the original claim, it is crucial to define the dimensions of that original claim. . . . [T]he claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction . . . out of which the action arose. . . . [This] transactional test . . . provides a standard by which to measure preclusive effect of a prior judgment, which we have held to include any claims relating to the cause of action which were actually made or might have been made. . . . [E]ven though a single group of facts may give rise to rights for several kinds of relief, it is still a single cause of action." (Citations omitted;

internal quotation marks omitted.) *Himmelstein* v. *Bernard,* 139 Conn. App. 446, 453–54, 57 A.3d 384 (2012).

The defendants argue that the parties to this action are the same as the parties to the mandamus action. Specifically, they argue that "[t]here is no dispute that the [city] was a party in both the prior action and the present action . . . [and that] Kulacz, having an interest in the subject matter, participated openly and actively in so much of the former litigation as led to the judgment adjudicating the cause of action in question." (Internal quotation marks omitted.) Accordingly, they argue, the defendants "should be permitted to avail [themselves] of the defense of res judicata in the present action." We conclude that, for res judicata purposes, the defendant city is the same party in both actions, but that Kulacz, having been sued in his individual capacity in the present action, is not the same party as Kulacz the municipal official who was sued in the mandamus action, nor is the individual defendant Kulacz in privity with Kulacz the municipal official.

"It is well settled law that an action against a government official in his or her official capacity is not an action against the official, but, instead is one against the official's office and, thus, is treated as an action against the entity itself. . . . [In general] an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is not a suit against the official personally, for the real party in interest is the entity. . . . Since [officials] represent not their own rights but the rights of the municipality the agents of the same municipal corporation are in privity with each other and with the municipality." (Citations omitted; internal quotation marks omitted.) *Kelly* v. *New Haven,* 275 Conn. 580, 595, 881 A.2d 978 (2005); see *Himmelstein* v. *Bernard,* supra, 139 Conn. App. 456 (same); see also *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 70, 26 A.2d 234

(1942) ("in order to make a judgment res adjudicata as regards the issues determined in it the person claimed to be bound by it should have been a party to the first action in the same capacity that he is to the second").

"Generally, a governmental body and its officers, boards, commissions, agents, representatives, and employees are in privity and form but a single entity with respect to application of the rule of res judicata. . . . For res judicata purposes not all government employees and officials are in privity with the government. An official sued in an individual capacity is generally not considered to be in privity with the government, and consequently not bound by a prior adjudication in which the government was a party. In addition, where officers act for their government under an unconstitutional authority the government is not bound by the judgment." 50 C.J.S. 532–33, Judgments § 1155 (2009); see also 1 Restatement (Second), Judgments § 36 (2), p. 359 (1982) ("party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity"); but see *Gargiul* v. *Tompkins*, 790 F.2d 265, 272 (2d Cir. 1986) ("New York law generally holds that a suit against an individual in his official capacity will bar a later suit, arising out of the same transaction, against him in his individual capacity").

The plaintiff brought its mandamus action, in relevant part, against the city and against Kulacz, in his official capacity as the city's engineer. The plaintiff requested that the court order Kulacz and the city to issue permits for the construction of the house, and, following a trial, the court ordered the city to issue the permits. In the present case, the plaintiff again has brought an action against the city, and it alleges that it has brought an action against Kulacz, individually, who, the plaintiff claims, was acting under color of law at the time he

refused to issue an approval of the plaintiff's house plans. We conclude that it, essentially, is undisputed that the city is the same party against whom the plaintiff brought the prior mandamus action. We also conclude, however, that Kulacz, an individual, is not the same party against whom the mandamus action was brought, nor is he in privity with that municipal official. Accordingly, the plaintiff's action against Kulacz cannot be barred by the doctrine of res judiciata, as he was not a party to the prior mandamus action, nor in privity therewith. Because the city is the same party in both actions, however, we next must determine whether the mandamus action bars the present action against the city.

The city argues that a final judgment was rendered on behalf of the plaintiff in the mandamus action, that both actions involve the same transaction and the same operative facts, and that the plaintiff had an adequate opportunity to bring the claims against the city in the mandamus action. Accordingly, the city argues, the present claims are barred as they merged into the final judgment in the prior mandamus action. We agree.[5]

"A cause of action is that single group of facts that is claimed to have brought about an unlawful injury to the plaintiff and that entitles the plaintiff to relief. . . . Even though a single group of facts may give rise to rights to several different kinds of relief, it is still a single cause of action." (Citation omitted.) *McCue* v. *Birmingham*, 88 Conn. App. 630, 636, 870 A.2d 1126, cert. denied, 274 Conn. 905, 876 A.2d 14 (2005).

In this case, a review of the pleadings from the present action and from the prior mandamus action reveals that

---

[5] Although the defendants argue that the claims against both of them are barred, because we previously concluded that the individual defendant Kulacz was not a party to the prior mandamus action, nor in privity with a party thereto, we discuss only whether the mandamus judgment bars the claims against the city.

both cases arise out of the same nucleus of operative facts. They both contain many of the same factual allegations, and they both are based in relevant part on the refusal of the city through Kulacz and others to issue the necessary permits. We are aware of no case law in this state that allows a subsequent action for damages to be maintained, despite the doctrine of res judicata, simply because the first action sought only a writ of mandamus.

In support of the viability of his claims against the city, the plaintiff relies, in part, on *Carr* v. *Bridgewater*, 224 Conn. 44, 616 A.2d 257 (1992). In *Carr*, the plaintiff also had been successful in mandamus action against the city defendants; id., 49; and, following the mandamus action, the plaintiff also brought a § 1983 action for damages against those defendants. Id., 50. The plaintiff was successful at trial on the § 1983 claims and the defendants appealed, alleging six different grounds on which the trial court committed error. Id., 51 n.15. The plaintiff in the present case argues that if, in *Carr*, the claims in the § 1983 action had been barred by res judicata, our Supreme Court would have reversed the judgment of the trial court on that basis, rather than resort to a complex constitutional analysis as a basis for its reversal of the judgment, and the fact that the court did *not* discuss res judicata implies that it did not determine that doctrine was relevant. We disagree. A review of our Supreme Court's decision in *Carr* gives us no indication that the defendants had raised the doctrine of res judicata on appeal. See id. It is reasonably likely, therefore, that the Supreme Court did not discuss that doctrine because it had not been raised by any party on appeal.

The Superior Court has jurisdiction to entertain both legal and equitable claims; see General Statutes § 52-1; and a plaintiff may include both types of claims in one complaint. See General Statutes § 52-97. The Superior

Court also may order the separation of causes of action for individual trials where warranted; see Practice Book § 15-2; but that does not eliminate the requirement that a plaintiff bring his claims in one complaint. See *Himmelstein* v. *Bernard,* supra, 139 Conn. App. 454 ("[e]ven though a single group of facts may give rise to rights for several kinds of relief, it is still a single cause of action" [internal quotation marks omitted]). Accordingly, we are not persuaded that *Carr* implies, as the plaintiff contends, that a second action can be brought against the same defendant, despite the doctrine of res judicata, if the first action sought only a writ of mandamus.

The plaintiff also argues that the facts that form the basis of the present action against the city were not disclosed until the end of trial in the prior mandamus action, thereby not giving it a reasonable amount of time to amend its complaint to include the present claims. Specifically, the plaintiff argues that it was not until Kulacz testified that he had no reasonable basis to refuse to approve the plaintiff's plan that the plaintiff had the factual basis to allege a § 1983 claim. It further argues that Kulacz was evasive during his deposition testimony and that "[o]nly when he realized that he was irritating the trial judge and that that tactic was not working did Kulacz decide that he ought to, perhaps, offer an alternate reason for his refusal to sign off on the revised site plan." We are not persuaded.

Even if we assume that Kulacz never admitted that there was no reasonable basis for him not to issue permits to the plaintiff, the plaintiff certainly believed that there was no legal basis for Kulacz' refusal, and, in its mandamus complaint, the plaintiff alleged that the city, Kulacz and other city officials had refused to approve its permits even though its plans conformed to the regulations, and that their failure to issue the permits was wilful and in violation of its due process and property rights. We agree with the United States

Court of Appeals for the Second Circuit that unless a defendant had fraudulently concealed the relevant facts, the "discovery of additional facts following . . . judgment does not block the application of res judicata . . . [when the] facts and events themselves arose prior to the filing of the original complaint [and] it was only [the plaintiff's] awareness of these facts that came later." *L-Tec Electronics Corp.* v. *Cougar Electronic Organization, Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

Here, although the plaintiff alleges that it did not learn that Kulacz had no reasonable basis to refuse to approve the permits until Kulacz testified near the end of the mandamus trial, the plaintiff believed that the permits should have been issued and that there was no basis for their denial; that is why the plaintiff sought a writ of mandamus. That Kulacz allegedly first admitted on the witness stand that he had no reasonable basis to refuse to approve the plaintiff's permits does not mean that his lack of a reasonable basis did not exist previously or that knowledge of such lack of a reasonable basis was unavailable to the plaintiff. The plaintiff knew sufficient facts to bring the mandamus action, even without the alleged admission from Kulacz. Accordingly, we conclude that the present action against the city is barred by the doctrine of res judicata because both the present action and the prior mandamus action involved the same transaction and the same set of operative facts, which the plaintiff had an adequate opportunity to address fully and fairly in the mandamus action.

The judgment is reversed with respect to the city and the case is remanded with direction to render judgment in favor of the city on its motion for summary judgment; the judgment is affirmed with respect to Kulacz and the case is remanded for further proceedings on the plaintiff's claims against Kulacz in his individual capacity.

In this opinion the other judges concurred.