## FELIPE MULERO *v.* BOARD OF EDUCATION OF THE CITY OF BRIDGEPORT ET AL.
### (AC 34847)

DiPentima, C. J., and Bear and Sheldon, Js.

Argued March 7—officially released May 21, 2013

*Felipe Mulero*, pro se, the appellant (plaintiff).

*Rachel Volkman Kushel*, for the appellee (named defendant).

*Opinion*

PER CURIAM. In this case, the plaintiff, Felipe Mulero, appeals from the trial court's rendering of summary judgment in favor of the defendant board of education of the city of Bridgeport (board),[1] his former employer, in an action seeking monetary and injunctive relief for alleged breach of contract and violation of the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq., in connection with the board's alleged release of derogatory information about the plaintiff, in violation of the February 6, 2003 agreement under which he resigned from his position as a certified bilingual educator. The plaintiff claims, inter alia, that the trial court erred in concluding that the board was entitled to judgment as a matter of law under the doctrine of res judicata, on the basis of his prior alleged bringing and prosecution to a final judgment on the merits of a federal action raising the same two claims, which were affirmed on appeal. We agree with the trial court that the plaintiff's claims are barred by res judicata and thus conclude that its judgment must be affirmed.

---

[1] The plaintiff had initially also named the Connecticut Education Association as an additional defendant but withdrew his claim as to that defendant shortly after commencing this action.

"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted.) *Himmelstein* v. *Bernard*, 139 Conn. App. 446, 453, 57 A.3d 384 (2012).

The plaintiff commenced this action on January 18, 2012. Although his complaint was not subdivided into separate counts, it clearly alleged that on December 14, 2005, the board breached the February 6, 2003 agreement under which he resigned from his position as a certified bilingual instructor by releasing "derogatory, unfounded and untrue information" about him which allegedly harmed his character, reputation and career. As relief for his alleged injuries and losses, which he claims to have resulted from the board's breach of contract and violation of the Connecticut Fair Employment Practices Act, the plaintiff seeks reinstatement to his former position or to a comparable position for which he is qualified with back pay to February 6, 2003.

In its motion for summary judgment, the board claimed, inter alia, that the plaintiff's present action was virtually identical to an earlier federal action that he had filed in the United States District Court for the District of Connecticut, in which summary judgment had been granted by Judge Peter Dorsey on June 22, 2010. See *Mulero* v. *Board of Education*, United States

District Court, Docket No. 3:07-CV-1206 (PCD) (D. Conn. June 22, 2010), aff'd, 448 Fed. Appx. 129 (2d Cir. 2011). The trial court agreed and, on that basis, issued a short form order granting the board's motion on the ground that the plaintiff's claims were barred by res judicata. This appeal followed.

"Our review of [a] trial court's decision [on a] motion for summary judgment is plenary. . . . [Likewise] [t]he applicability of res judicata . . . presents a question of law over which we employ plenary review." (Citation omitted; internal quotation marks omitted.) *Savvidis* v. *Norwalk*, 129 Conn. App. 406, 410, 21 A.3d 842, cert. denied, 302 Conn. 913, 27 A.3d 372 (2011).

Upon reviewing the summary judgment decision by Judge Dorsey and comparing the plaintiff's complaints in this case and in the federal action, it is apparent that the underlying cause of action which the plaintiff sought to present in his federal action is based upon the same set of operative facts as the claims he now seeks to prosecute in this action. In sum and in substance, they are based upon the board's release of records concerning the plaintiff's background, in response to a request for the same from the state board of education in connection with the plaintiff's application for state certification in late 2005. As a result of the release of this information, allegedly in violation of the board's promise to expunge all such information from the plaintiff's record as part of his resignation agreement of February 6, 2003, the plaintiff's application for certification was denied. Here, because the plaintiff has previously brought claims against the board based upon the same cause of action as that which underlies his present claims, and has prosecuted those claims to a final judgment on the merits, he is forever barred from pursuing these claims again.

The judgment is affirmed.