******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN M. INGRAM *v.* STATE OF
CONNECTICUT ET AL.
(AC 36290)

DiPentima, C. J., and Alvord and Bishop, Js.

*Argued March 10—officially released October 13, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Lobo, J.)

*Jodi Zils Gagne*, for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney,
with whom, on the brief, were *Gail Hardy*, state's attor-
ney, and *Tamara Grosso*, assistant state's attorney, for
the appellee (named respondent).

*Opinion*

PER CURIAM. In this appeal involving a petition for a new trial, the petitioner, John M. Ingram, appeals from the summary judgment rendered by the trial court in favor of the respondent state of Connecticut.[1] The petitioner contends that the court improperly concluded that the action was barred by res judicata. We disagree and, accordingly, affirm the judgment of the trial court.

The court's memorandum of decision details the following facts and procedural history. On April 23, 2009, the petitioner was convicted by a jury of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3). The court sentenced the petitioner to twenty years imprisonment.[2]

At the time of the petitioner's criminal trial, his trial counsel did not have a copy of a police report entitled "Supplement 3." At the trial, East Hartford Police Officer Todd Mona testified that he wrote Supplement 3 shortly after the petitioner was arrested, but that the report was subsequently lost. The petitioner obtained a copy of Supplement 3 in January, 2011, approximately twenty months after his conviction. The petitioner then discovered that Supplement 3 was actually a duplicate of Supplement 1, a police report written by East Hartford Police Officer James O'Connor.

The petitioner filed his third amended petition for a writ of habeas corpus on January 3, 2013. In that petition, the petitioner argued that his due process rights were violated by the respondent's failure to disclose materially favorable evidence, namely, Supplement 3. Furthermore, the petitioner argued that Supplement 3 was newly discovered evidence and would have resulted in the petitioner being acquitted of the robbery charge. On February 19, 2013, following a full evidentiary hearing, the habeas court denied the petitioner's request for habeas corpus relief.

On February 22, 2013, following the habeas court's denial of his petition for a writ of habeas corpus, the petitioner filed a revised amended petition for a new trial. In this petition, the petitioner based his quest for a new trial on three claims: (1) Supplement 3 was newly discovered evidence; (2) the respondent had suppressed Supplement 3; and (3) Mona's false testimony affected the verdict of the jury. On February 28, 2013, the respondent filed its answer, pleading the special defense of res judicata. On April 29, 2013, the respondent moved for summary judgment, alleging that the doctrine of res judicata barred the petitioner from relitigating issues that already had been decided adversely to him by the habeas court, and that, accordingly, there were no genuine issues of material fact for the trial court to decide.

On May 20, 2013, a hearing was held on the respondent's motion for summary judgment and on September

12, 2013, the trial court issued its memorandum of decision granting the respondent's motion. The court held, inter alia, that the habeas court found that "Supplement 3 provides no evidence beneficial to the petitioner because it was merely a duplicate of another report already known and available to the petitioner at the time of his criminal trial"; that "[a]ny inconsistency in the criminal trial testimony as to the content of [Supplement] 3 was insignificant"; and that "[g]iven the mountain of incriminating evidence against the petitioner, the confusion surrounding Supplement 3 was inconsequential." This appeal followed.

On appeal, the petitioner claims that the trial court improperly granted the respondent's motion for summary judgment based on the doctrine of res judicata. "Our review of [a] trial court's decision [on a] motion for summary judgment is plenary. . . . [Likewise] [t]he applicability of res judicata . . . presents a question of law over which we employ plenary review." (Internal quotation marks omitted.) *Mulero* v. *Board of Education*, 142 Conn. App. 808, 811, 66 A.3d 929 (2013). "Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Internal quotation marks omitted.) Id., 810.

Our examination of the record reveals that the issue of Supplement 3 and its effect on the underlying criminal trial was fully decided in the petitioner's prior habeas proceeding. The habeas court held an evidentiary hearing on the merits of this issue and concluded that, given the overwhelming evidence against the petitioner, the confusion surrounding Supplement 3 was inconsequential. Thereafter, the trial court properly determined that this issue was barred from relitigation by the principles of res judicata. On the basis of the foregoing, we conclude that the trial court properly granted the respondent's motion for summary judgment.

The judgment is affirmed.

[1] In addition to the named respondent, which, for purposes of convenience, we refer herein to as the respondent, also named as a party in the present appeal is Edward Narus, a senior assistant state's attorney.

[2] This court affirmed the petitioner's judgment of conviction in *State* v. *Ingram*, 132 Conn. App. 385, 31 A.3d 835 (2011), cert. denied, 303 Conn. 932, 36 A.3d 694 (2012).